UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DANIEL J. HARRISON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 05 C 2680 |
| THE CITY OF CHICAGO, ROBERT FLYNN, EDWARD LERACZ, and UNKNOWN OFFICERS AND AGENTS OF THE CITY OF CHICAGO POLICE DEPARTMENT, | ) ) ) ) ) ) ) | Judge George M. Marovich |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel J. Harrison ("Harrison") filed a three-count complaint against defendants the City of Chicago ("Chicago" or the "City"), the City of Chicago Police Department ("CPD"), Robert Flynn ("Flynn"), Edward Leracz ("Leracz") and unknown officers and agents of the CPD. Defendants Flynn and Leracz have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all of plaintiff's claims against them. Defendants CPD and Chicago have moved to dismiss all of plaintiff's claims against CPD and most of plaintiff's claims against Chicago. For the reasons set forth below, the Court grants in part and denies in part defendants' motions.

**I.  Background**

For purposes of these motions to dismiss, the Court takes as true the allegations in the complaint. The relevant alleged facts are as follows.

From October 27, 2003 until January 27, 2004, plaintiff Harrison was employed by the Chicago Police Department as a probationary police officer. Plaintiff alleges that the defendants terminated his employment due to his race and national origin.

Plaintiff also alleges that defendants terminated his employment because he allegedly provided false information on his employment application. Although the complaint does not state what information was allegedly falsified or how defendants learned it was falsified, the complaint suggests that the information on which the defendants based their decision to terminate plaintiff's employment was unlawfully obtained, perhaps via a unit of the Chicago Police Department. Plaintiff alleges that the CPD operates a special unit called the Chicago Anti-Gun Enforcement (C.A.G.E.) unit. The C.A.G.E. unit is alleged to be responsible for coordinating with state and federal agencies to enforce gun control legislation. Plaintiff alleges that the C.A.G.E. unit routinely obtained information from the Illinois State Police's Firearms Transfer Inquiry Program ("F-TIP"). The F-TIP system allows firearms dealers to determine whether would-be gun purchasers can lawfully obtain a firearm. According to the complaint, the F-TIP system could be used lawfully only by retail firearms sellers who needed to use the system to conduct "instant checks" before transferring a firearm.

Based on these allegations, the plaintiff brings three claims. In Count I, plaintiff asserts a claim under 42 U.S.C. § 1983 and alleges that the defendants conspired to obtain his confidential information and terminate his employment in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In Count II, plaintiff alleges that defendants violated Title VII of the Civil Rights Act of 1964 by harassing him and terminating his

employment on the basis of his race and/or national origin. In Count III, plaintiff asserts that defendants invaded his privacy.

Defendant the Chicago Police Department moves to dismiss all of plaintiff's claims against it. The City of Chicago moves to dismiss Counts I and III against it and to strike from Count II plaintiff's demand for punitive damages. The individual named defendants, Leracz and Flynn, move to dismiss all of plaintiff's claims against them.

## II.     Standard on a motion to dismiss

The Court may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A claim brought under 42 U.S.C. § 1983 against a municipality is not subject to more stringent pleading requirements under Rules 8 and 9 of the Federal Rules of Civil Procedure than are other claims in federal court. *Leatherman v. Tarrant Cty. Narcotics Intell. & Coord. Unit*, 507 U.S. 163, 168-169 (1993). A plaintiff "need not plead facts; he can plead conclusions." *Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir. 1995); *see also McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) ("The smattering of phrases like 'highest policymaking officers' and 'widespread custom' throughout [plaintiff's] complaint is a common practice

designed to ensure that the complaint will withstand scrutiny under liberal notice pleading. Some would assert that the inclusion of this language should be 'enough.' Others suggest that more is needed; that the facts included in the complaint must lead to the legal conclusions drawn. We believe that it is the former view, and not the latter, that *Leatherman* and its progeny support.").

### III. Discussion

#### A. Chicago Police Department

Defendant Chicago Police Department asserts that it is a part of the City of Chicago, not a separately-suable entity. *See Chan v. City of Chi.*, 777 F. Supp.1437, 1442 (N.D. Ill. 1991) ("The Chicago Police Department is also dismissed, with prejudice, because it has no separate legal existence apart from the City of Chicago, and the department is therefore not a suable entity."). The plaintiff agrees. Accordingly, the Court dismisses with prejudice plaintiff's claims against the Chicago Police Department.

#### B. Plaintiff's Title VII claim

In Count II, plaintiff asserts that he was discriminated against on the basis of his national origin and race in violation of Title VII of the Civil Rights Act of 1964. Although plaintiff brings the claim against all defendants, defendants Leracz and Flynn correctly point out that individuals cannot be held liable under Title VII. *Williams v. Banning*, 72 F.3d 552, 553-554 (7th Cir. 1995). Accordingly, the Court dismisses plaintiff's Title VII claim against Leracz and Flynn.

Chicago challenges plaintiff's demand for punitive damages in Count II. When Congress passed the 1991 Amendments to the Civil Rights Act, which allowed plaintiffs to collect compensatory and punitive damages on Title VII claims, it excluded governments, government

agencies and political subdivisions from having to pay punitive damages. *See* 42 U.S.C. § 1981a (b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual."). The City asks the Court to strike the demand for punitive damages in the Title VII claim, and the plaintiff concedes the issue. Accordingly, the Court strikes plaintiff's demand for punitive damages in Count II.

### C. Plaintiff's § 1983 claim

In Count I, plaintiff asserts a claim under 42 U.S.C. § 1983 and alleges that the defendants conspired to obtain his confidential information and terminate his employment in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

#### 1. Individual liability of Leracz and Flynn

The two named individual defendants, Leracz and Flynn, argue that plaintiff's § 1983 claim against them must be dismissed because plaintiff has not made any allegations of their involvement or participation in the alleged constitutional deprivation. Liability under § 1983 "does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must include in his complaint allegations that the individual is involved in the constitutional deprivation. *See Eades v.*

*Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Brown v. Illinois Dep't of Public Aid*, 318 F. Supp.2d 696, 700 (N.D. Ill. 2004) (dismissing § 1983 claim where plaintiff's "allegations of unequal treatment are made generally against all defendants, failing to allege the 'element of personal involvement necessary to individual liability under § 1983.'") (internal citation omitted). Plaintiff does not include a single allegation explaining (or even hinting at) what, if any, involvement Flynn or Leracz had in the alleged constitutional violation.

Accordingly, the Court dismisses without prejudice Count I against defendants Leracz and Flynn.

### 2. Municipal liability under § 1983

The City of Chicago also seeks to dismiss plaintiff's § 1983 claim. Chicago argues that plaintiff does not include allegations that would allow Chicago to be held liable under § 1983.

In *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), the Supreme Court described the circumstances under which a municipality could be held liable under § 1983. The Supreme Court explained that it is:

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Thus, to state a claim under § 1983, a plaintiff must allege that:

> (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Chicago argues that it cannot be held liable because plaintiff has failed to allege the existence of a policy, practice or custom which lead to the alleged constitutional deprivation.

Plaintiff, on the other hand, argues that he has alleged the existence of a policy. Specifically, the plaintiff points to the following allegation from his complaint:

> Prior to January 27, 2004 the Defendant, City of Chicago, Illinois, had developed a plan, policy or course of conduct regarding enforcement of certain firearm registration ordinances of the City of Chicago, Illinois and the enforcement of State and federal laws regarding firearms. To that end, the Defendant, City of Chicago, Illinois, created a special unit within the Defendant Chicago Police Department known as the 'Chicago Anti-Gun Enforcement' Unit, also known as the 'C.A.G.E.' Team. The mission of the 'C.A.G.E.' Team was to coordinate with State and Federal Agencies in the enforcement of local, State and Federal laws. As a routine matter of course, this unit would obtain confidential records from the Illinois State Police regarding firearm purchases, all of such procedures and practice were known to the defendant, city of Chicago, Illinois, and sanctioned thereby.

(Plaintiff's Complt. ¶ 18). Plaintiff has not, however, included any allegations that connect this alleged policy with the alleged constitutional deprivation. The City of Chicago, no doubt, has a great many policies, the existence of which could be alleged in a complaint. Unless a plaintiff ties the policy to a constitutional deprivation, however, alleging the existence of a policy does not make out a § 1983 claim. The Court is aware that a plaintiff need not plead facts but, rather, that conclusions will suffice. *Leatherman v. Tarrant Cty. Narcotics Intell. & Coord. Unit*, 507 U.S. 163, 168-169 (1993); *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). The Court is also aware that while a party cannot *amend* a complaint with a brief, a party can survive a Rule 12(b)(6) motion by asserting facts in a response brief that establish he can state a claim (so long as those facts are not inconsistent with the complaint allegations). *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-964 (7th Cir. 1992); *Dawson v. General Motors Corp.*, 977

F.2d 369, 372 (7th Cir. 1992). Still, nothing in either plaintiff's complaint or his brief connects the alleged C.A.G.E. unit policy of obtaining information from F-TIP to the alleged constitutional violation. Nor has plaintiff alleged that Chicago routinely obtained confidential information from F-TIP for the purpose of unlawfully discharging its employees. Plaintiff has failed to allege a basis for holding Chicago liable.

Accordingly, the Court dismisses without prejudice Count I against Chicago, Leracz and Flynn and grants plaintiff 30 days to file an amended complaint.

### B. Plaintiff's invasion of privacy claim.

In Count III, plaintiff asserts a claim for invasion of privacy. It is not clear from the complaint allegations whether plaintiff attempts to assert (a) a claim for violation of the Fourth Amendment right to privacy (as is mentioned in his complaint but which can be brought only under § 1983, which provides the private right of action); (b) a claim for invasion of privacy based on the Illinois Constitution; or (c) a state law tort claim for invasion of privacy. Although defendants have pointed out reasons why a tort claim based on invasion of privacy would fail[1], the Court need not consider that possibility because plaintiff's briefs disclaim an attempt to make out a tort claim for invasion of privacy. Rather, plaintiff's briefs describe his privacy right as one arising from the Fourth Amendment to the United States Constitution and Article I, Section 6 of the Illinois Constitution.

---

[1]Among other reasons, a state-law invasion of privacy tort claim would likely fail because the one-year statute of limitations has likely run. *See* 735 ILCS 5/13-201. Contrary to plaintiff's argument, his filing of an EEOC charge would not have tolled the statute of limitations on the invasion of privacy claim. *Juarez v. Ameritech Mobile Commun., Inc.*, 957 F.2d 317, 322-323 (7th Cir. 1992).

To the extent plaintiff is attempting to bring a § 1983 claim for a violation of the Fourth Amendment, the claim must be dismissed against all defendants for the same reasons the Court dismissed Count I. Specifically, with respect to Chicago, plaintiff has failed to plead the necessary elements of a *Monell* claim. With respect to Leracz and Flynn, plaintiff has failed to allege any individual involvement.

This leaves a possible claim under the Illinois Constitution. Article I, Section 6 of the Illinois Constitution provides:

> The People shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.

Illinois Const. Art. I, § 6. The Court has real doubts, however, about whether plaintiff has a private right of action under Article I, Section 6 of the Illinois Constitution. *See Richard v. Lukensmeyer*, Case No. 98 C 6409, 1999 WL 261835 (N.D. Ill. April 12, 1999) (Marovich, J.). The parties do not raise this issue, and the Court will not dismiss the claim *sua sponte* for that reason. Nor will the Court consider defendants' argument that plaintiff has not properly plead a claim for invasion of privacy when it is not clear plaintiff has a private right of action.

For these reasons, the Court dismisses without prejudice plaintiff's § 1983 claim for invasion of his Fourth Amendment right to privacy but does not dismiss his claim for invasion of the Illinois Constitutional right to privacy.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motions to dismiss. The Court dismisses with prejudice all claims against defendant Chicago

Police Department.  The Court dismisses with prejudice plaintiff's Count II against defendants Leracz and Flynn and strikes from Count II plaintiff's demand for punitive damages against Chicago.  The Court dismisses without prejudice plaintiff's Count I against defendants City of Chicago, Leracz and Flynn.  The Court dismisses without prejudice plaintiff's Count III § 1983 claim against defendants City of Chicago, Leracz and Flynn but does not dismiss plaintiff's Count III claim for invasion of privacy in violation of the Illinois Constitution.

The plaintiff is directed to file an amended complaint within 30 days.  The plaintiff's amended complaint should include his Title VII claim against Chicago.  Although the Court has not dismissed plaintiff's claim against the City of Chicago, Leracz and Flynn for invasion of privacy under the Illinois Constitution, plaintiff should include that claim in his amended complaint only if he satisfies himself that he has a private right of action.  The Court grants plaintiff leave to include in his amended complaint an amended Count I and an amended Count III against defendants Chicago, Leracz and Flynn.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED:12/22/05